# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| REBECCA FILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:23-cv-00006 |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | JURY TRIAL DEMANDED |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES NOW Rebecca Fils, by counsel, and moves for judgment against Defendant Wells Fargo Bank, National Association ("Wells Fargo"), and as grounds therefore states as follows:

### I. JURISDICTION, VENUE, PARTIES

1. Plaintiff filed her Complaint, bringing a violation of the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3901, *et seq.*, in state court on November 18, 2022.

2. Plaintiff served Defendant on December 1, 2022.

3. Defendant removed this matter to this Court on January 3, 2023 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Defendant filed an Answer on January 20, 2023. Plaintiff files this Amended Complaint within 21 days of Defendant filing its Answer pursuant to Fed. R. Civ. P. 15(a)(1)(B).

5. Plaintiff adds in this Amended Complaint claims pursuant to 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e, *et seq.*, which this Court has jurisdiction over pursuant to 28 U.S.C. § 1331.

6. At the times material hereto, Rebecca Fils is and was a resident of Roanoke City, Virginia.

7. At the times material hereto, Wells Fargo is and was a stock corporation registered with the Virginia State Corporation Commission owning and operating facilities in Roanoke City, Virginia.

8. Wells Fargo regularly conducts substantial business within Roanoke City, Virginia.

9. At the times material hereto, Rebecca Fils worked for Wells Fargo and performed her work from her home in Roanoke City, Virginia.

## II. FACTS

10. Ms. Fils is Black / African American.

11. Ms. Fils was hired by Wells Fargo on or about June 4, 2018.

12. Ms. Fils was initially employed by Wells Fargo as a Phone Banker.

13. Ms. Fils thereafter progressed to Customer Success Specialist 2.

14. Ms. Fils received excellent performance ratings during her employment with Wells Fargo.

15. In or about February 2021, Wells Fargo sought employees to work on a special project to assist the Retail Services Billing Disputes Department ("Disputes"). The special project entailed catching up Disputes, which had gotten behind in its work.

16. Ms. Fils' Department Manager, Clifton Clark, suggested that Ms. Fils volunteer as Ms. Fils' "stats" were "great."

17. Ms. Fils therefore volunteered, trained, and began working as a Research Analyst in Disputes for the following six months.

18. In all, there were eleven employees chosen to work on the six-month project.

19. During the period of the project, Wells Fargo offices were closed because of the COVID-19 pandemic, and the employees assigned to the Disputes special project worked remotely, many from states other than the home office for Disputes, which was not a Virginia-based department.

20. Prior to the end of the six-month project, six of the original eleven employees were returned to their regular departments. Ms. Fils was one of the five employees chosen to stay in Disputes to finish out the full six months.

21. Of the five chosen to stay in Disputes to finish out the full six months, only two employees were Black / African American, Ms. Fils and Jessica Dawson.

22. Ms. Fils enjoyed the Research Analyst role and did an excellent job, receiving great reviews from the leaders of Disputes.

23. In Ms. Fils' 2021 Midyear Performance Evaluation, Ms. Fils was rated as "Exceeds," with Manager Clark noting, "Becky performed as a, exceed for the mid-year overall due to setting high standards for being helpful and trustworthy not only to the customers, but also to her peers. Becky has responded well with coaching sessions, and can always see an opportunity in every situation. Immediately if given a positivity, she is determined to make it even better the next time. When Becky was asked if she would be interested in helping with a special project, she was quick to volunteer, completed training and started performing at an [sic] high rate to the other line of business. She assisted with Retail Services Billing disputes department during the months of March through July [sic].[1] Leaders from the Retail Billing Disputes department has [sic] given her great reviews and stated she has been great help to the team and appreciated her positive demeanor during her time with them."

24. Ms. Fils reached out to Savannah Page, Manager over the Disputes Research Analyst role, on August 24, 2021, and stated, "I wish the project was extending I really enjoyed working for you, and if they are hiring in the future from out of state, please let me know."

---

[1] Despite the review stating that Ms. Fils worked in Disputes from March through July 2021, Ms. Fils worked in Disputes from March through August 2021.

25. Ms. Page responded that Wells Fargo was working on extending the project, "but it would be a requirement for you to work in the office, once they open the offices back up."

26. Ms. Fils was understandably disappointed to learn of the requirement to work in person in a state other than Virginia and continued to frequently look for openings on the careers page.

27. Shortly thereafter, in or about October 2021, Ms. Fils learned from Nhi Floyd, a non-Black employee with whom Ms. Fils had worked on the special project in Disputes, that Ms. Floyd had been hired to work remotely in a permanent role in Disputes.

28. Nhi Floyd lived in Roanoke, Virginia, like Ms. Fils.

29. Ms. Floyd stated that she was informed by Managers Savannah Page and Deborah Stuber that they had "created the job" to get Ms. Floyd back, and they "pushed to get desk space in Roanoke to hire remotely."

30. Ms. Fils then learned that the other two non-Black employees with whom she had worked to complete the special project in Disputes, Ada Alls and Elizabeth McNeil, had also been hired to work permanently for Disputes in remote positions from Roanoke, Virginia.

31. Despite frequently checking the careers page, Ms. Fils never saw the Disputes positions posted.

32. Ms. Fils and Ms. Dawson, the only Black / African American employees in the group of employees that completed the full six-month special project in Disputes, were the only employees of this group that had not been notified or otherwise afforded an opportunity to apply for and/or interview for the openings in Disputes.

33. The managers involved in hiring for the permanent positions, Savannah Page and Deborah Stuber, are Caucasian.

4

34. The positions in Disputes that were filled by Ms. Floyd, Ms. Alls, and Ms. McNeil would have resulted in a significant increase in salary for Ms. Fils.

35. Ms. Fils reported the racial discrimination to Wells Fargo's Ethics office on October 21, 2021.

36. Despite repeated follow-up by Ms. Fils, Ethics never indicated to Ms. Fils that it completed an investigation.

37. On March 15, 2022, five months after Ms. Fils' report, Ethics contacted Ms. Fils and told her they were still investigating.

38. As of this date, Wells Fargo has neither resolved the issue nor offered a plausible explanation for its actions.

39. Wells Fargo's discrimination, lack of investigation, and refusal to remedy the discrimination has humiliated Ms. Fils, resulting in stress, depression, and loss of enjoyment in life.

### COUNT I: CLAIM FOR RACE / COLOR DISCRIMINATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT

40. Ms. Fils hereby incorporates by reference as if set forth fully herein the preceding paragraphs of this Amended Complaint.

41. Ms. Fils timely filed a Complaint with the Virginia Office of Civil Rights and the Equal Employment Opportunity Commission on March 28, 2022, which was received by the Virginia Office of Civil Rights on March 30, 2022, and filed this suit in state court within 90 days of receipt of the Notice of Right to Sue, which was issued on September 28, 2022.

42. Ms. Fils identifies her race as Black / African American.

43. Ms. Fils was exceeding Wells Fargo's expectations, as set forth in her performance reviews.

5

44. Ms. Fils was not hired for the permanent position in Disputes because of her race / color.

45. The permanent Disputes role was superior to Ms. Fils' role in terms of the compensation, terms, conditions, and privileges of employment.

46. The reason provided to Ms. Fils for denying her the role, that she would have to work in person, out of state, once the offices opened, was false. All three non-Black employees chosen for the positions also resided out of state and a remote workstation was created in Roanoke, Virginia for the purpose of being able to offer these roles to the non-Black Virginia-based employees.

47. Any reasons given by Wells Fargo for not hiring Ms. Fils for the Disputes position are pretextual in nature.

48. Pursuant to Virginia Code § 2.2-3905(B), "It is an unlawful discriminatory practice for: (1) An employer to: a. Fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race [or] color…; or b. Limit, segregate, or classify employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's race [or] color …."

49. As a direct and proximate result of Defendant's actions, Ms. Fils has suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

50. Pursuant to Virginia Code § 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary

restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate."

51. The above-described acts by Defendant and employees of Defendant constitute discrimination in violation of the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3901, *et seq*.

## COUNT II:  CLAIM FOR SECTION 1981 RACE / COLOR DISCRIMINATION

52. Ms. Fils hereby incorporates by reference as if set forth fully herein the preceding paragraphs of this Amended Complaint.

53. Ms. Fils identifies her race as Black / African American.

54. Ms. Fils was exceeding Wells Fargo's expectations, as set forth in her performance reviews.

55. Ms. Fils would have been hired for the permanent position in Disputes but for her race / color.

56. The permanent Disputes role was superior to Ms. Fils' role in terms of the compensation, terms, conditions, and privileges of employment.

57. The reason provided to Ms. Fils for denying her the role, that she would have to work in person, out of state, once the offices opened, was false. All three non-Black employees chosen for the positions also resided out of state and a remote workstation was created in Roanoke, Virginia for the purpose of being able to offer these roles to the non-Black Virginia-based employees.

58. Any reasons given by Wells Fargo for not hiring Ms. Fils for the Disputes position are pretextual in nature.

59. Because the actions of Wells Fargo supervisory employees were taken within the scope of their employment, Wells Fargo is responsible for their actions based upon the doctrine of *respondeat superior.*

7

60. As a direct and proximate result of Wells Fargo's actions, Ms. Fils has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

61. At all times material hereto, Wells Fargo engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. Fils so as to support an award of punitive damages.

62. The above-described acts by Wells Fargo and employees of Wells Fargo constitute race / color discrimination in violation of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981, *et seq*.

**COUNT III: CLAIM FOR TITLE VII RACE / COLOR DISCRIMINATION**

63. Ms. Fils hereby incorporates by reference as if set forth fully herein the preceding paragraphs of this Amended Complaint.

64. Ms. Fils timely filed a Complaint with the Virginia Office of Civil Rights and the Equal Employment Opportunity Commission on March 28, 2022, which was received by the Virginia Office of Civil Rights on March 30, 2022, and filed this suit in state court within 90 days of receipt of the Notice of Right to Sue, which was issued on September 28, 2022. Plaintiff's Title VII claim relates back to the initial filing pursuant to Fed. R. Civ. P. 15(c)(1)(B).

65. Ms. Fils identifies her race as Black / African American.

66. Ms. Fils was exceeding Wells Fargo's expectations, as set forth in her performance reviews.

67. Ms. Fils would have been hired for the permanent position in Disputes but for her race / color.

8

68. The permanent Disputes role was superior to Ms. Fils' role in terms of the compensation, terms, conditions, and privileges of employment.

69. The reason provided to Ms. Fils for denying her the role, that she would have to work in person, out of state, once the offices opened, was false. All three non-Black employees chosen for the positions also resided out of state and a remote workstation was created in Roanoke, Virginia for the purpose of being able to offer these roles to the non-Black Virginia-based employees.

70. Any reasons given by Wells Fargo for not hiring Ms. Fils for the Disputes position are pretextual in nature.

71. Because the actions of Wells Fargo supervisory employees were taken within the scope of their employment, Wells Fargo is responsible for their actions based upon the doctrine of *respondeat superior.*

72. As a direct and proximate result of Wells Fargo's actions, Ms. Fils has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

73. At all times material hereto, Wells Fargo engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. Fils so as to support an award of punitive damages.

74. The above-described acts by Wells Fargo and employees of Wells Fargo constitute race / color discrimination in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

WHEREFORE, Plaintiff Rebecca Fils prays for judgment against Defendant Wells Fargo Bank, National Association, and for equitable relief, injunctive relief, compensatory damages,

9

punitive damages, back pay, front pay, costs, attorneys' fees, prejudgment interest, post-judgment interest, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

            Respectfully Submitted,

            **REBECCA FILS**

            By _/s/ Brittany M. Haddox_
               Of Counsel

            Brittany M. Haddox, Esq. (VSB # 86416)
            Thomas E. Strelka, Esq. (VSB# 75488)
            L. Leigh R. Strelka, Esq. (VSB # 73355)
            N. Winston West, IV, Esq. (VSB # 92598)
            Monica L. Mroz, Esq. (VSB #65766)
            STRELKA EMPLOYMENT LAW
            4227 Colonial Avenue
            Roanoke, VA  24018
            Tel:  540-283-0802
            brittany@strelkalaw.com
            thomas@strelkalaw.com
            leigh@strelkalaw.com
            winston@strelkalaw.com
            monica@strelkalaw.com
              *Counsel for Plaintiff*

CERTIFICATE OF SERVICE

  I certify, that on this 6th day of February, 2023, I filed the foregoing on the Court's CM/ECF system, which simultaneously sent notice to all counsel of record.

                _/s/ Brittany M. Haddox_